UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL QUILLING, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV1833 SNL |
| STATE OF MISSOURI, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that Quilling is financially unable to pay any portion of the filing fee. As a result, Quilling will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Quilling brings this suit under 42 U.S.C. § 1983 against the State of Missouri for alleged violations of his constitutional rights. Quilling alleges that he was discriminated against by the State during family court divorce proceedings. Quilling seeks injunctive and monetary relief.

## Discussion

The complaint is legally frivolous because this Court lacks jurisdiction to hear cases where the "subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994); Tufano v. Alpert, 968 F. Supp. 112, 113 (E.D.N.Y. 1997) (court lacked subject matter jurisdiction over case brought under 42 U.S.C. § 1983 where litigant sought relief from decision of state family court); see also

2

Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).

Additionally, Eleventh Amendment sovereign immunity bars plaintiff from bringing this action against the State of Missouri. E.g., Quern v. Jordan, 440 U.S. 332, 338-39 (1979) (sec. 1983 does not abrogate a state's Eleventh Amendment immunity). As a result, the complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B), and it shall be dismissed prior to service of process.

Accordingly,

**IT IS HEREBY ORDERED** that Daniel Quilling's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that Daniel Quilling's motion to appoint counsel [Doc. #4] is denied as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 13th day of November, 2007.

*Stephen N. Limbaugh*

SENIOR UNITED STATES DISTRICT JUDGE